S. Peter Serrano
United States Attorney
Eastern District of Washington
Courtney R. Pratten
Assistant United States Attorney
402 E. Yakima Avenue, Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AUG 1 2 2025

SEAN F. MCAVOY, CLERK
_____, DEPUTY
YAKIMA, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PRESTON KEITH FUNDERBURGH and TRAVIS WARREN BOLAND,<br><br>Defendants. | 1:25-CR-02056-SAB<br><br>SUPERSEDING INDICTMENT<br><br>Vio: 18 U.S.C. § 1343<br>Wire Fraud<br>(Counts 1 – 4, 6)<br><br>18 U.S.C. § 641<br>Theft of Government Money<br>(Count 5, 7, 8)<br><br>18 U.S.C. § 1001<br>False Statement<br>(Count 9)<br><br>18 U.S.C. § 981(a)(1)(C),<br>28 U.S.C. § 2461(c)<br>Forfeiture Allegations |

SUPERSEDING INDICTMENT – 1

The Grand Jury charges:

**Introduction and Background**

1. During all times relevant and material to the Superseding Indictment, the Social Security Administration (SSA) was an agency of the United States, responsible for administering, among other things, programs commonly known as Title II benefit programs. These included Old-Age, Survivors, and Disability Insurance. The Survivors Insurance Benefits (SIB) program pays monthly cash benefits to eligible dependants of deceased workers.

2. SSA appoints a "representative payee" when a beneficiary is a minor or otherwise incapable of managing his or her Social Security benefits. Representative Payees are individuals or organizations primarily responsible for receiving and spending monthly SIB payments to meet a beneficiary's needs. Other responsibilities of a representative payee include reporting any circumstances in a beneficiary's life that may affect benefit payments.

3. Defendant PRESTON KEITH FUNDERBURGH applied for SIB on behalf of Minor 1, a child born in May 2020, following the November 20, 2022, death of Minor 1's mother and FUNDERBURGH's intimate partner, Amanda Bedard. At the time of his mother's death, Minor 1 was under the care, custody, and control of FUNDERBURGH and lived with FUNDERBURGH in Selah, Washington, located in the Eastern District of Washington.

SUPERSEDING INDICTMENT – 2

4.  Given the age of Minor 1 when he became eligible for SIB, the SSA appointed FUNDERBURGH Minor 1's representative payee. As such, FUNDERBURGH was tasked to both receive and use the monthly SIB benefits for the care of Minor 1.

5.  All designated representative payees, to include FUNDERBURGH, are obligated, among other things, to notify the SSA if a beneficiary dies, leaves the representative payee's custody and/or control, changes living arrangements, or is no longer the representative payee's responsibility.

6.  From on or about April 2023, through on or about April 2025, monthly SIB payments earmarked for Minor 1 were direct deposited by the SSA into Bank of America (BOA) checking account ending in 6912.

7.  During all times relevant and material to the Superseding Indictment SIB benefits issued by the SSA for the benefit of Minor 1 were distributed in the following manner. Each monthly payment file originated from SSA in Baltimore, Maryland. The payment file was then transmitted to the United States Treasury in Kansas City, Missouri. From there, the payment file went to Treasury National Payment Center of Excellence, which is also in Kansas City, Missouri. The payment file then went to the Federal Reserve Bank in East Rutherford, New Jersey, where it was then transmitted to Bank of America account ending in 6912.

SUPERSEDING INDICTMENT – 3

8. Defendant PRESTON KEITH FUNDERBURGH also applied for SIB on behalf of Minor 3, a child born in April 2016, following the November 20, 2022, death of Minor 3's mother and FUNDERBURGH's intimate partner, Amanda Bedard. At the time of her mother's death, Minor 3 was under the care, custody, and control of FUNDERBURGH and lived with FUNDERBURGH in Selah, Washington, located in the Eastern District of Washington.

9. From on or about June 2024, through on or about May 2025, monthly SIB payments earmarked for Minor 3 were direct deposited by the SSA into Bank of America (BOA) checking account ending in 6912.

10. During all times relevant and material to the Superseding Indictment SIB benefits issued by the SSA for the benefit of Minor 3 were distributed in the following manner. Each monthly payment file originated from SSA in Baltimore, Maryland. The payment file was then transmitted to the United States Treasury in Boulder, Colorado. From there, the payment file went to Treasury National Payment Center of Excellence, which is in Kansas City, Missouri. The payment file then went to the Federal Reserve Bank in East Rutherford, New Jersey, where from June 2024 through May 2025 it was transmitted to Bank of America account ending in 6912.

SUPERSEDING INDICTMENT – 4

### Scheme to Commit Wire Fraud (RE: Minor 1)

11. The Grand Jury re-alleges and incorporates by reference Paragraphs 1 through 10 as if fully set forth herein. Further, the allegations in all other counts in the Superseding Indictment are re-alleged and incorporated as if fully set forth.

12. Beginning in or about December 2024, and continuing through in or about April 2025, the Defendant, FUNDERBURGH, in the Eastern District of Washington and elsewhere, devised and participated in a scheme to defraud the SSA of SIB by knowingly concealing and failing to report the death of Minor 1, for whom FUNDERBURGH was the representative payee. As a representative payee, FUNDERBURGH was responsible for receiving and managing monthly SIB payments to be used for the care of Minor 1, and in concealing and/or not reporting the death of Minor 1, FUNDERBURGH thereby allowed himself to fraudulently collect Minor 1's monthly SIB payments after Minor 1's death so that he could retain said benefits for his own financial use and personal gain.

### Execution of the Scheme to Commit Wire Fraud

13. Between on or about December 2024, through on or about April 2025, FUNDERBURGH devised and executed a scheme to defraud the SSA and to continue receiving monthly SIB by means of false and fraudulent pretenses and representations by concealing the death of Minor 1 from SSA.

SUPERSEDING INDICTMENT – 5

14. In or about December 2024, and continuing through in or about April 2025, in furtherance of the scheme and artifice to defraud, FUNDERBURGH did not report the December 2024 death of Minor 1 to the SSA, thereby continuing to allow the SSA to deposit monthly SIB payments for the benefit of Minor 1 into a bank account FUNDEREBURGH could access.

15. In or about April 2025, in furtherance of the scheme and artifice to defraud, FUNDERBURGH maintained Minor 1 was "fine," or words to that effect, when law enforcement contacted FUNDERBURGH during the execution of a wellness check on Minor 1.

16. In or about April 2025, in furtherance of the scheme and artifice to defraud, when family members, friends, and law enforcement inquired as to the whereabouts of Minor 1 after December 2024, FUNDERBURGH fraudulently maintained Minor 1 was in the care and custody of his maternal grandmother.

17. In or about April 2025, in furtherance of the scheme and artifice to defraud, FUNDERBURGH presented a minor who was not Minor 1, specifically Minor 2, who bore similarities in age, height, and hair color to Minor 1, to law enforcement executing a wellness check on Minor 1. The desired effect of said conduct was to convince law enforcement that Minor 1 was well and that further wellness checks were unnecessary.

SUPERSEDING INDICTMENT – 6

**Scheme to Commit Wire Fraud (RE: Minor 3)**

18. The Grand Jury re-alleges and incorporates by reference Paragraphs 1 through 10 as if fully set forth herein. Further, the allegations in all other counts in the Superseding Indictment are re-alleged and incorporated as if fully set forth.

19. Beginning in or about June 2024, and continuing through in or about April 2025, the Defendant, FUNDERBURGH, in the Eastern District of Washington and elsewhere, devised and participated in a scheme to defraud the SSA of SIB by knowingly concealing and failing to report Minor 3, for whom FUNDERBURGH was the representative payee, was no longer under his custody and control, and was in fact residing at a separate address with relatives other than FUNDERBURGH. As a representative payee, FUNDERBURGH was responsible for receiving and managing monthly SIB payments to be used for the care of Minor 3, and in concealing and/or not reporting the change in custody and control and the change of residence of Minor 3, FUNDERBURGH thereby allowed himself to fraudulently collect Minor 3's monthly SIB payments after Minor 3 was no longer under FUNDERBURGH's care, custody, and control, and was no longer living with FUNDERBURGH in Selah, Washington, so that he could retain said benefits for his own financial use and personal gain.

**Execution of the Scheme to Commit Wire Fraud (RE: Minor 3)**

20.  Between on or about June 2024 through on or about April 2025, FUNDERBURGH devised and executed a scheme to defraud the SSA and to continue receiving monthly SIB by means of false and fraudulent pretenses and representations by concealing the fact Minor 3 was no longer under the care, custody, and control, of FUNDERBURGH, and by concealing the fact Minor 3 was in fact living with relatives other than FUNDERBURGH, thereby allowing himself continued and sole access to Minor 3's monthly SIB payments.

## COUNTS 1 – 4
## Wire Fraud

21.  The Grand Jury re-alleges and incorporates by reference Paragraphs 1 through 20 as if fully set forth herein. Further, the allegations in all other counts in the Superseding Indictment are re-alleged and incorporated in this count as if fully set forth.

22.  From on or about December 2024, through on or about April, 2025, in the Eastern District of Washington and elsewhere, the Defendant, PRESTON KEITH FUNDERBURGH, with the intent to defraud, devised and intended to devise a scheme to defraud the SSA, and to obtain money by means of materially false and fraudulent pretenses, representations, and promises for his own personal gain and, in attempting to do so, caused to be transported by means of wire communication in interstate commerce the signals and sounds associated with four

SUPERSEDING INDICTMENT – 8

separate monthly payments of $1,119.00 in SIB intended to be used for the benefit of Minor 1, each monthly wire transfer constituting a separate count of this Superseding Indictment, and each a separately charged violation of 18 U.S.C. § 1343.

| Count | Date | Amount | Interstate Wire |
|---|---|---|---|
| 1 | On or about 01/08/2025 | $1,119.00 | Survivor's Benefits for Minor 1 deposited into Bank of America account ending in 6912 |
| 2 | On or about 02/12/2025 | $1,119.00 | Survivor's Benefits for Minor 1 deposited into Bank of America account ending in 6912 |
| 3 | On or about 03/12/2025 | $1,119.00 | Survivor's Benefits for Minor 1 deposited into Bank of America account ending in 6912 |
| 4 | On or about 04/09/2025 | $1,119.00 | Survivor's Benefits for Minor 1 deposited into Bank of America account ending in 6912 |

## COUNT 5
Theft of Government Money

23. The Grand Jury re-alleges and incorporates by reference Paragraphs 1 through 20 as if fully set forth herein. Further, the allegations in all other counts in the Superseding Indictment are re-alleged and incorporated in this count as if fully set forth herein.

24. Between in or about January 2025, and continuing through on or about April 2025, in the Eastern District of Washington and elsewhere, the Defendant, PRESTON KEITH FUNDERBURGH, did embezzle, steal, purloin, and knowingly

SUPERSEDING INDICTMENT – 9

convert to his use and the use of another, any money of the United States and any department and agency thereof, whose value exceeded $1,000.00, namely, Social Security Survivor's Insurance Benefits intended for Minor 1, to which he was not entitled, in violation of 18 U.S.C. § 641.

## COUNT 6
### Wire Fraud

25. The Grand Jury re-alleges and incorporates by reference Paragraphs 1 through 20 as if fully set forth herein. Further, the allegations in all other counts in the Superseding Indictment are re-alleged and incorporated in this count as if fully set forth herein.

26. On or about April 9, 2025, in the Eastern District of Washington and elsewhere, the Defendant, PRESTON KEITH FUNDERBURGH, with the intent to defraud, devised and intended to devise a scheme to defraud the SSA, and to obtain money by means of materially false and fraudulent pretenses, representations, and promises for his own personal gain and, in attempting to do so, caused to be transported by means of wire communication in interstate commerce the signals and sounds associated with one monthly payment of Social Security Survivor's Insurance Benefits of intended for Minor 3, in the amount of $1,119.00, in violation of 18 U.S.C. § 1343.

SUPERSEDING INDICTMENT – 10

COUNT 7
Theft of Government Money

27. The Grand Jury re-alleges and incorporates by reference Paragraphs 1 through 20 as if fully set forth herein. Further, the allegations in all other counts in the Superseding Indictment are re-alleged and incorporated in this count as if fully set forth.

28. Between in or about June 2024 and continuing through in or about April 2025, in the Eastern District of Washington and elsewhere, the Defendant, PRESTON KEITH FUNDERBURGH, did embezzle, steal, purloin, and knowingly convert to his use and the use of another, any money of the United States and any department and agency thereof, whose value exceeded $1,000.00, namely, Social Security Survivor's Insurance Benefits intended for Minor 3, to which he was not entitled, in violation of 18 U.S.C. § 641.

COUNT 8
Theft of Government Money

29. On or about June 11, 2025, in the Eastern District of Washington, the Defendant, TRAVIS WARREN BOLAND, did embezzle, steal, purloin, and knowingly convert to his use and the use of another, any money of the United States and any department and agency thereof, whose value exceeded $1,000.00, namely, Social Security Survivor's Insurance Benefits intended for Minor 3, to which he was not entitled, in violation of 18 U.S.C. § 641.

SUPERSEDING INDICTMENT – 11

COUNT 9
False Statement

30. On or about May 8, 2025, in the Eastern District of Washington, the Defendant, TRAVIS WARREN BOLAND, in a matter within the jurisdiction of the executive branch of the United States, namely, while completing an application to be the representative payee and individual in charge of managing Minor 3's Social Security Survivor's Insurance Benefits, did knowingly and willfully make a materially false and fraudulent statement and representation, namely, that Minor 3 lived with him. Such statements relate to the appropriateness of Defendant TRAVIS WARREN BOLAND's appointment as a representative payee for Minor 3 and are therefore material to SSA's selection of a representative payee for Minor 3. The statement, as TRAVIS WARREN BOLAND then and there well knew, was false, in that Minor 3 did not live with TRAVIS WARREN BOLAND in May 2025. The above was in violation of 18 U.S.C. § 1001.

NOTICE OF CRIMINAL FORFEITURE ALLEGATIONS

The allegations contained in this Superseding Indictment are hereby realleged and incorporated herein by this reference for the purpose of alleging forfeitures.

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of an offense(s) in violation of 18 U.S.C. § 1343, Wire Fraud, and/or in violation of 18 U.S.C. § 641, Theft of Government Money, as alleged in this

SUPERSEDING INDICTMENT – 12

Superseding Indictment, the Defendants, PRESTON KEITH FUNDERBURGH and TRAVIS WARREN BOLAND, shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s). The property to be forfeited includes, but is not limited to:

### MONEY JUDGMENT

A sum of money in United States currency representing the amount of proceeds obtained as a result of the wire fraud offense(s).

### MONEY JUDGMENT

A sum of money in United States currency representing the amount of proceeds obtained as a result of the theft of government money offense(s).

If any of the property described above, as the result of any act or omission of Defendants:

    a.    cannot be located upon the exercise of due diligence;
    b.    has been transferred or sold to, or deposited with, a third party;
    c.    has been placed beyond the jurisdiction of the court;
    d.    has been substantially diminished in value; or
    e.    has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to

//

//

SUPERSEDING INDICTMENT – 13

21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

DATED this 12 day of August 2025.



A TRUE BILL

_____
S. Peter Serrano
United States Attorney

_____
Courtney R. Pratten
Assistant United States Attorney

SUPERSEDING INDICTMENT – 14