FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 16, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TRAVIS WARREN BOLAND,<br><br>Defendants. | No. 1-25-CR-02056-SAB-2<br><br>**AMENDED ORDER GRANTING MOTION FOR APPLICATION FOR ISSUANCE AND SERVICE OF RULE 17(c) SUBPOENA**<br><br>**\*\*U.S. MARSHALS SERVICE ACTION REQUIRED\*\*** |

Before the Court is Defendant's <u>ex parte</u> Motion for Application for Issuance and Service of a Rule 17(c) Subpoena, ECF No. 92. The motion was heard <u>ex parte</u>. Defendant is represented by Nicholas Granath.

Defendant asks the Court to issue and order service of a Rule 17(c) subpoena *duces tecum* to the Social Security Administration.

Fed. R. Crim P. 17(c) establishes the process by which federal courts can issue subpoenas duces tecum for the production of evidence before trial. Rule 17(c)(1) provides:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

**AMENDED ORDER GRANTING MOTION FOR APPLICATION FOR ISSUANCE AND SERVICE OF RULE 17(c) SUBPOENA ~ 1**

Although the Court has discretion to direct that a subpoena *duces tecum* be made returnable before trial, it should not be used as a discovery device. *United States v. Nixon*, 418 U.S. 683, 689 (1974). In *Nixon*, the Supreme Court held the party seeking pretrial production bears the burden of establishing that (1) the documents are evidentiary and relevant; (2) they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) the party cannot properly prepare for trial without such production and inspection in advance of trial and the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) the application is made in good faith and is not intended as a general 'fishing expedition.' *Id.* at 699-700.

Local Criminal Rule 17(c) provides:

(c)  Producing Documents and Objects

(1) No subpoena in a criminal case may require the production of books, papers, documents, or other objects in advance of the trial, hearing, or proceeding at which these items are to be offered in evidence, unless the court has entered an order pursuant to Fed. R. Crim. P. 17(c). This Rule requires notice to the opposing party of a subpoena seeking advance production of books, papers, documents or other objects. Since Fed. R. Crim. P. 17 is not a discovery device, only exceptional circumstances would warrant filing an ex parte motion for a subpoena.

All Rule 17(c) subpoenas seeking or allowing advance production must be returnable to the court and the items sought therein must be delivered to the court at the place, date and time indicated. When appropriate, the subpoena may advise that no appearance is necessary if the items are produced, in advance of the date specified, to the court in an envelope delivered to the Clerk's Office. The court will then determine what material will be appropriately distributed to the parties.

Here, Defendant has shown there is a sufficient likelihood the requested materials are relevant to the offenses charged in the indictment, has made a sufficient preliminary showing that the requested material contains admissible evidence regarding the offenses charged, and the application meets the specificity requirement. The Court does not find

**AMENDED ORDER GRANTING MOTION FOR APPLICATION FOR ISSUANCE AND SERVICE OF RULE 17(c) SUBPOENA ~ 2**

that exceptional circumstances warrant the filing of his application under seal and also finds that no appearance is necessary. As such, the Court will direct that this Order be filed in the public record and order the Clerk's Office to issue the requested subpoena.

Accordingly, **IT IS ORDERED**:

1.    Defendant's ex parte Motion for Application for Issuance and Service of a Rule 17(c) Subpoena, ECF No. 92, is **GRANTED**.

2.    The Clerk of Court is directed to issue the requested subpoena, ECF No. 92-3. The subpoena shall direct that no appearance is necessary.

3.    Pursuant to Fed. R. Crim P. 17(d), the U.S. Marshals Service is directed to serve the subpoena, the attachment, ECF No. 92-4, a copy of this Order, and a USM 285 Form to document the service and fees to be waived for the indigent defendant, to the Social Security Administration, Law and Policy, 6401 Security Boulevard, Baltimore, Maryland 21235-6401, Fax 833-795-0132.

**IT IS SO ORDERED**. The District Court Executive is directed to file this Order and provide copies to counsel and the U.S. Marshals Service.

**DATED** this 16th day of July 2026.



Stan Bastian
Chief United States District Judge

**AMENDED ORDER GRANTING MOTION FOR APPLICATION FOR ISSUANCE AND SERVICE OF RULE 17(c) SUBPOENA ~ 3**