Nicholas Granath, WSBA #62263
Nicholas Granath, Attorney At Law, PLLC
1644 Plaza Way # 502
Walla Walla, WA 99362
Phone: (612) 210-8460
Email: npgranath@icloud.com
Attorney for Defendant Travis Boland

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>TRAVIS WARREN BOLAND,<br><br>Defendant. | Case No. 1:25-CR-02056-SAB-2<br><br>**TRAVIS BOLAND'S MOTION TO STRIKE THE GOVERNMENT'S MOTION IN LIMINE (ECF 124)**<br><br>September 30, 2026<br>Without Oral Argument |

COMES NOW defendant Travis Warren Boland, by and through his counsel Nicholas Granath, in advance of trial in this matter, which is pending but not currently scheduled, in Yakima, before the Honorable Stan Bastian, Chief United States District Judge, to move for an order <u>striking</u> the "United States' Motion *In Limine* Regarding Subsequent Repayment Measures" (ECF 124;09/29/26), or in the *alternative* to that relief, to set a time for Mr. Boland to respond and for the government to reply, in writing, and thereafter for the parties to be heard in oral argument.

This motion is brought pursuant to Rule 47 of the Federal Rules of Criminal Procedure ("FRCrP"), and Local Rule 47 of the Local Criminal Rules for the Eastern

District of Washington ("LCrR"), and any applicable orders of this Court in this matter.

On September 29, 2026, the government filed the subject motion but omitted in its caption the date, time and place insertion required by LCrR 47 (which incorporates LCivR 7). However, the ECF notice generated by the government's electronic filing stated the motion was "set for 9/30/2026 at 02:30 p.m."

For the subject motion to be heard at that time (and date) allows only one day before the hearing. A one day allowance is contrary to FRCrP 47(c)("Timing of a Motion"), which requires that:

> A party must serve a written motion – other than one that the court may hear ex parte – and any hearing notice at least 7 days before the hearing date, unless a rule or court order sets a different period.

(*Id.*). The local rule does not alter that period. There is no order of this Court that sets a different period. The Court had set an earlier deadline of January 26, 2026 for "all … motions in limine" (ECF 55, p. at ¶ 4) but only Mr. Boland met it (ECF 59; 01/25/26). Therefore the subject motion does not comply with either FRCrP 47 or LCrR 47. Mr. Boland is entitled under the rules to a written response to a written motion before any hearing, fairness demands it, and because he opposes the subject motion on the merits he intends to do so and to present oral argument after all briefing in any hearing that is noticed in compliance with the applicable rules or any order of this Court. This Court, too, should have the benefit of Mr. Boland's written response before deciding the merits of the motion. Mr. Boland therefore asks this Court to strike the subject motion for its failure to conform, or if it declines to do so, then to set a time for Mr. Boland to respond and for the government to reply and a later time for the parties to be heard.

RESPECTFULLY submitted this September 30, 2026

***s/ Nicholas Granath***
Nicholas Granath, WSBA #62263
Appointed Attorney for Defendant:
Travis Warren Boland

## CERTIFICATE OF SERVICE

I hereby certify that on the above indicated date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which in turn automatically generated a Notice Of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system.

***s/ Nicholas Granath***
Nicholas Granath