FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 30, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>TRAVIS WARREN BOLAND,<br>Defendant. | No. 1:25-CR-02056-SAB-2<br><br>ORDER FOLLOWING ARRAIGNMENT ON SECOND SUPERSEDING INDICTMENT |

On Wednesday, September 30, 2026, Defendant was arraigned based on the Second Superseding Indictment. ECF No. 109. Defendant was represented by court-appointed attorney Nicholas Granath. Assistant United States Attorney Courtney Pratten represented the United States.

Defendant was advised of and acknowledged Defendant's rights. The Court entered pleas of not guilty on Defendant's behalf.

The Court previously appointed counsel, ECF No. 41, and released Defendant on pretrial conditions of supervision, ECF No. 47. The United States did not change its position on detention.

Accordingly, **IT IS ORDERED:**

1. The Court directs the parties to review the Local Criminal Rules governing discovery and other issues in this case. https://www.waed.uscourts.gov/rules-policies/local-rules.

2. Under federal law, including Rule 5(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions from the Supreme Court and the Ninth Circuit interpreting *Brady*, the United States has a continuing obligation to produce all information or evidence known to the United States relating to guilt or punishment that might reasonably be considered favorable to Defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence. *See United States v. Price*, 566 F.3d 900, 913 n.14 (9th Cir. 2009). Accordingly, the Court orders the United States to produce to Defendant in a timely manner all such information or evidence.

Information or evidence may be favorable to a defendant's case if it either may help bolster the defendant's case or impeach a prosecutor's witness or other government evidence. If doubt exists, it should be resolved in favor of Defendant with full disclosure being made.

If the United States believes that a required disclosure would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, the United States may apply to the Court for a modification of the requirements of this Disclosure Order, which may include *in camera* review and/or withholding or subjecting to a protective order all or part of the information.

This Disclosure Order is entered under Rule 5(f) and does not relieve any party in this matter of any other discovery obligation. The consequences for violating either this Disclosure Order or the United States' obligations under *Brady* include, but are not limited to, the following: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges. Nothing in this Disclosure Order enlarges or diminishes the United States' obligation to disclose information and evidence to a defendant under *Brady*, as interpreted and applied under Supreme Court and Ninth Circuit precedent. As the Supreme Court noted, "the government violates the Constitution's Due Process Clause 'if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment.'" *Turner v. United States*, 137 S. Ct. 1885, 1888 (2017) (quoting *Smith v. Cain*, 565 U.S. 73, 75 (2012)).

3. Defendant is bound over to Chief Judge Stanley A. Bastian for further proceedings.

\\

\\

\\

\\

\\

4. Defendant shall remain released pursuant to all previously imposed conditions of release.

**IT IS SO ORDERED**.

DATED September 30, 2026.

ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE